# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KIARA LOTT, et al.,

      Plaintiffs,

  v.

RECKER CONSULTING, LLC, et al.,

      Defendants.

Case No. 1:23-cv-489

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This Court recently issued its Order and Opinion Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. (Doc. 72). That Order narrowed Plaintiffs' claims based on this Court's interpretation of "when the workday starts and ends under the Fair Labor Standards Act (FLSA) for an employee who works from home through computer-based activities." (*Id.* at #11224). Plaintiffs now move the Court to certify that Order for interlocutory appeal under 28 U.S.C. § 1292(b). (Doc. 75). Specifically, they ask that two questions be certified to the Sixth Circuit related to: (1) when the workday begins for remote computer workers, and (2) the legal status of plaintiffs who have filed a consent to join, but as to whom this Court has not yet made a final "similarly situated" determination. (*Id.* at #11286). For the reasons more fully set forth below, the Court **GRANTS** Plaintiffs' Motion to Certify for Interlocutory Appeal (Doc. 75).

## BACKGROUND

The factual background relating to this case is more fully set forth in this Court's Order and Opinion Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (Order). (Doc. 72, #11225–43). But to recap here, Lott and all the opt-in Plaintiffs worked as remote patient care associates (PCAs) for the Defendants. (Doc. 29, #344, 347–48). Plaintiffs' primary job duty or "main function" was to answer "inbound calls from clients' patients." (Doc. 35-16, #922, 931, 939–40; Doc. 35-18, #1029; *see also* Doc. 35-5, #470–71; Doc. 35-6, #526).

Seeking to recover wages for uncredited time, Plaintiff Kiara Lott brought this FLSA and Ohio Minimum Fair Wage Standards Act action. (Third Am. Compl., Doc. 29, #343). She alleges that Defendants failed to pay her for time she worked logging into her computer at the beginning of the day and after her lunch break, as well as time worked signing off at the end of the day. (*Id.* at #351–53). Over a year into the case, this Court granted Lott's Motion for Court-Authorized Notice to Potential Opt-In Plaintiffs. (Doc. 46). One-hundred-thirty additional Plaintiffs filed consents to join. (*See* Doc. 72, #11225).

Defendants, for their part, moved for Summary Judgment, arguing that the claimed time is not compensable under the FLSA or Ohio laws. (Doc. 41, #10764). In the Order at issue here, this Court granted in part and denied in part that motion. (Doc. 72). The Court largely agreed with Defendants and held that many of the activities involved in the boot-up and login or logout processes are "preliminary or postliminary," making them noncompensable under the FLSA. (*Id.* at #11262). But that was not so as to *all* computer-related activities at the beginning or end of the

day. Rather, the Court held that when "PCAs open and begin operating *any applications they primarily work in or use throughout the workday* in connection with answering or handing such inbound calls, those activities are [compensable]." (*Id.* at #11262 (emphasis added)). In the same opinion, this Court also ruled on a separate procedural issue—the status of the Plaintiffs who have filed consents to join the action but as to whom the Court has not yet made a final determination under *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023), as to whether they are "similarly situated." (Doc. 72, #11245–47). The Court found that these Plaintiffs are only "conditionally parties"—precluding the Order from having res judicata effect as to them. (*Id.*).

That brings us to the present motion. Plaintiff Lott now asks the Court to certify its Order for interlocutory appeal to the Sixth Circuit based on those two holdings. (Doc. 75, #11286). Specifically, Lott asks this Court to certify the following "questions" for immediate appeal under 28 U.S.C. § 1292(b):

> (1) For employees who work exclusively in a remote setting by fielding telephone calls and using essential computer software programs necessary to perform their job duties, when does the compensable workday begin and end? Does the workday begin when they turn on and/or boot-up their computer, as Plaintiff argued, or when they open and begin operating the first work-related software program they use in connection with answering telephone calls, as argued by the defense and held by this Court?
>
> (2) What is the legal status of plaintiffs who have opted into an FLSA action following court-authorized notice but before a court

3

  determination that the plaintiffs are similarly situated to the named plaintiff(s)?

(*Id.*). According to Lott, "Defendants are not taking a position on the relief sought." (*Id.* at #11281). The Court addresses the motion below.

## LEGAL STANDARD

The Court may certify an order for interlocutory appeal if the Court is "of the opinion" that the order hinges on (1) "a controlling question of law," (2) with "substantial ground for difference of opinion," such that (3) immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (stating that under § 1292(b) "a district court must find [these] three things").

For purposes of § 1292(b), "[a] legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). And in the Sixth Circuit, "[m]ixed questions of fact and law are treated as questions of law for purposes of an interlocutory appeal." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 346 (6th Cir. 2001) (citing *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999)).

"[A] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (quoting *Reese v. BP Expl., Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). For example, grounds for a difference of opinion may exist "when: (1) the question is difficult or novel and there is little precedent on the issue, or the correct decision is not substantially guided by prior

4

decisions; (2) the question is difficult and one of first impression; (3) there is a difference of opinion among the district courts within the controlling circuit; or (4) there is a circuit split on the issue." *In re Trivest Partners LP*, No. 24-0102, 2025 U.S. App. LEXIS 6704, *3 (6th Cir. Mar. 21, 2025).

Finally, interlocutory appeals "materially advance" the litigation "where, absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *Somberg*, 31 F.4th at 1008 (quoting *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015)).

## LAW AND ANALYSIS

Applying that framework, the Court concludes that this Order satisfies these prerequisites, at least as to Lott's first question.[1]

First, determining what activities are compensable under the FLSA is "controlling" as the Sixth Circuit has defined that term in the § 1292(b) context. If the Sixth Circuit reverses this Court and finds that the "workday begin[s] when [Plaintiffs] turn on and/or boot-up their computer," (Doc. 75, #11286), or, in other words, that those activities are compensable under the FLSA, Plaintiffs will proceed

---

[1] In the Court's view, the Order does not meet the § 1292(b) prerequisites as to Lott's second question. It is hard to see how immediate review of the current legal status of the opt-in plaintiffs regarding the Order's potential claim preclusion effect would "materially advance" the litigation. And the only grounds for "difference of opinion" that Lott points to is her own disagreement with how the Court applied a certain case. (Doc. 75, #11289–90 (discussing *Clark*, 68 F.4th at 1009)). That said, certification under § 1292(b) "applies to the *order* certified." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996). Accordingly, "even those issues not properly certified are subject to [the Sixth Circuit's] discretionary power of review if otherwise necessary to the disposition of the case." *Pinney Dock & Transp. Co. v. Penn. Cent. Corp.*, 838 F.2d 1445, 1455 (6th Cir. 1988).

to trial with significantly expanded claims. (*See* Doc. 72, #11275). That materially affects the case.

Second, the Court finds that there is substantial ground for disagreement regarding this question. As the Court noted in its Order, so far as the Court could tell, no other published decision has yet addressed whether the time *remote* call center employees "spend booting up and shutting down their computer [is] 'integral and indispensable to the principal activities that [they are] employed to perform'"— making this a novel issue. (*Id.* at #11251–52 (citing *Integrity Staffing Sols. v. Busk*, 574 U.S. 27, 33 (2014))). And while there can be no true "circuit split" for a novel question, this Court, because it found them unpersuasive in the remote worker context, declined to follow two other, non-Sixth Circuit appellate courts that have ruled on this question's non-remote work analogue—whether employees' time spent booting up their computers at *physical* call centers is compensable. (*See id.* at #11253–65 (discussing *Peterson v. Nelnet Diversified Sols, LLC*, 15 F.4th 1033 (10th Cir. 2021), and *Cadena v. Customer Connexx LLC*, 51 F.4th 831 (9th Cir. 2022))). That suffices to show a reasonable disagreement.

Finally, immediate appeal here "may materially advance the ultimate termination of the litigation." *United States ex rel. White v. Mobile Care EMS & Transp., Inc.*, No. 1:15-cv-555, 2021 WL 6064363, at *18 (S.D. Ohio Dec. 21, 2021) (quotation omitted). While the Court recognizes that a successful appeal would in fact broaden Plaintiffs' claims rather than terminate them, the Sixth Circuit could decide to reverse the Order in the other direction—i.e., further limiting or even dismissing

Plaintiffs' claims. Also, the totality of judiciary efficiency concerns supports immediate appeal. This action is expansive. Currently one-hundred-thirty Plaintiffs have filed consents to join, making them at least conditional parties, pending this Court's future conclusive determination under *Clark* on whether they are similarly situated at the close of discovery. (Doc. 72, #11247). And while these Plaintiffs will need to demonstrate that "they suffer from a single, FLSA-violating policy," to join this collective action, other *individualized* questions exist, e.g., the extent of the harm suffered by each Plaintiff. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009). This potentially large number of plaintiffs raises both the costs and time if a new trial or reopening of discovery is required after a final order is appealed—an appeal that seems likely due to the novel nature of the case.

The Court finds that all three of § 1292(b)'s elements are present and certifies this Order for interlocutory appeal.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Certify for Interlocutory Appeal (Doc. 75). Accordingly, any party may apply for an appeal to the Sixth Circuit within ten days after this Order's entry. 28 U.S.C. § 1292(b). Moreover, the Court **STAYS** further proceedings in this action until resolution of the interlocutory appeal process.

**SO ORDERED.**

October 7, 2025
**DATE**

**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**